FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2019 FEB 22 PM 2:42

N. ANAYA
CLERK

KAINOA K. KRETZ
1171 Mokuhano Street, Unit E103
Honolulu, HI 96825
Telephone: (808) 352-1603
E-Mail: kainoakretz@gmail.com

Plaintiff Pro Se

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| KAINOA K. KRETZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE LLCS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5, and DOE GOVERNMENTAL AGENCIES 1-5,<br><br>Defendants. | CIVIL NO. 19-1-0290-02 11th Div.<br><br>COMPLAINT; SUMMONS |

## COMPLAINT

COMES NOW, Plaintiff KAINOA K. KRETZ, and for causes of action against Defendant, alleges and avers as follows:

### STATUS OF PARTIES

1. Plaintiff KAINOA K. KRETZ is and was at all times mentioned herein a resident of Honolulu, Hawaii, and citizen of the State of Hawaii.

2. Defendant UNITED AIRLINES, INC., (hereinafter "UNITED") is a foreign profit corporation incorporated in the State of Delaware with a principal place of business in the State of Hawaii.

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

EXHIBIT A

## NATURE OF CASE

3. Plaintiff was hired by Defendant UNITED on August 29, 2016, as a Manager On Duty.

4. On April 20, 2018, Plaintiff was terminated from his position due to discrimination based on his race (white), age (60), national origin (German), disability, and in retaliation for engaging in protected activity.

5. A Charge of Discrimination was filed with the Equal Employment Opportunity Commission (EEOC) and dual filed with the Hawaii Civil Rights Commission.

## JURISDICTION

6. The Charge of Discrimination filed with the EEOC was based upon Title VII of the Civil Rights Act of 1967, and the Age Discrimination in Employment Act of 1967.

7. The administrative prerequisites for filing this cause of action have been fulfilled. A Dismissal and Notice of Rights was issued by the EEOC on November 26, 2018, and received by Plaintiff on or after November 27, 2018, which allows the filing of this lawsuit in Hawaii State Court within 90 days of receipt of the Dismissal and Notice of Rights.

## STATEMENT OF FACTS

8. Plaintiff was hired by Defendant UNITED on August 29, 2016, as a Manager On Duty.

9. On April 20, 2018, Plaintiff was terminated from his position due to discrimination based on his race (white), age (60), national origin (German), disability, and in retaliation for engaging in protected activity.

10. The person Plaintiff reported to as supervisor was Delilah Jones-Bardlette (United Catering Operations General Manager, Honolulu) (hereinafter "JONES-BARDLETTE"), who is a 44 year old black American female. Plaintiff met with JONES-BARDLETTE before he was hired.

11. Plaintiff received a call from Mr. Kevin Howell (hereinafter "HOWELL"), that his starting salary offer would be $43,000.00, and if Plaintiff would accept this offer. The original offer was for a starting salary of $50,000.00, before he met with JONES-BARDLETTE.

12. Plaintiff alleges that after JONES-BARDLETTE met with him, she discriminated against Plaintiff based on his age, race, color, and national origin. JONES-BARDLETTE intentionally lowered Plaintiff's salary offer to dissuade Plaintiff from accepting the Manager On Duty position, but he accepted the offer.

13. On August 29, 2016, Plaintiff started working as the Manager On Duty.

14. JONES-BARDLETTE intentionally changed the organizational chart and removed Plaintiff from reporting to Cole Weaver (hereinafter "WEAVER"), and had Plaintiff report directly to her instead after he was hired.

15. It was very clear that from the very beginning, that JONES-BARDLETTE treated Plaintiff differently based on his age, race, color, national origin, and especially the fact that Plaintiff had an accent.

16. On Plaintiff's first evaluation, JONES-BARDLETTE inserted a false accusation, that he should, "In your approach, take care and be mindful of your voice, tone, pitch, and your hand gestures".

17. On March 6, 2017, Plaintiff e-mailed JONES-BARDLETTE's boss, Mr. Vinod Bollampally (hereinafter "BOLLAMPALLY") located in Chicago to report retaliation, discrimination and the false accusation that JONES-BARDLETTE stated in Plaintiff's performance evaluation.

18. On March 9, 2017, Plaintiff submitted a complaint to the United Airlines Ethics and Compliance Department regarding JONES-BARDLETTE.

19. On April 19, 2017, and again on May 9, 2017, Mr. David Piggozi (hereinafter "PIGGOZI"), Human Resources Manager (located at the Honolulu Airport) met with Plaintiff to discuss his complaint against JONES-BARDLETTE. PIGGOZI took some notes and said that he will do an investigation and follow up with Plaintiff.

20. In the beginning of October of 2017, JONES-BARDLETTE approved for WEAVER to announce at the managers meeting, as well as send out an email announcement to everyone stating that the newly hired FERDINAND "FERDIE" ICBAN (hereinafter "ICBAN") (58 year old white male) will be taking over the Sanitation Department from Plaintiff effective November 15, 2017.

21. In October 2017, following the chain of command, Plaintiff started to report JONES-BARDLETTE retaliatory and discriminatory acts against Plaintiff to BOLLAMPALLY.

22. JONES-BARDLETTE made several attempts to charge Plaintiff with numerous false accusations and Plaintiff had to present or request witnesses to prove that he was innocent.

23. When Plaintiff took disciplinary actions against employees, JONES-BARDLETTE would protect "certain" employees and did not support Plaintiff's decisions.

24. On December 29, 2017, Plaintiff got shingles due to work stress. Plaintiff's doctor put him out of work for two weeks and advised Plaintiff to watch his stress levels as the shingles might return anytime.

25. During Plaintiff's two weeks at home, Plaintiff was still working from home, constantly checking and responding to emails, and answering calls and texts.

26. On January 11, 2018, WEAVER resigned from his position. However, JONES-BARDLETTE intentionally didn't fill his position, causing Plaintiff to be overloaded with high stress that triggered shingles.

27. In mid-January 2018, Kathy, a Co-Worker, and Plaintiff both requested water coolers for our department at the managers meeting. JONES-BARDLETTE immediately got a water cooler for Kathy and her department and ignored Plaintiff's request for the same.

28. In mid-March 2018, JONES-BARDLETTE presented Plaintiff with his 2017 year end performance review (review period January 1, 2017-December 31, 2017). Plaintiff had successfully achieved all expectations in all areas as well as successfully passing all compliance audits. Overall, Plaintiff's year end performance was quite positive with many achievements.

29. On April 5, 2018, JONES-BARDLETTE and HOWELL, asked to meet with Plaintiff. The meeting was about Plaintiff's performance, as there had been "employees" who, according to them, wanted to file statements against Plaintiff. Plaintiff asked for proof, as well as supporting documents. None was provided.

30. On April 20, 2018, JONES-BARDLETTE and BOLLAMPALLY called Plaintiff to the conference room.

31. BOLLAMPALLY presented Plaintiff with a vague and ambiguous termination letter and JONES-BARDLETTE sat quietly and watched.

32. Plaintiff was wrongfully terminated with false accusations relating to misconduct. Plaintiff was replaced by Ms. Illinois Isaacs-Acacio (hereinafter "ACACIO"), a 40 year old white female, who previously reported to Plaintiff.

33. Plaintiff has been discriminated, retaliated and wrongfully terminated with false accusations that were conspired by JONES-BARDLETTE and with full support and collaboration from BOLLAMPALLY and HOWELL.

34. On July 3, 2018, Plaintiff received a letter by certified mail from Mr. Wayne Slaughter, UNITED's Harassment and Discrimination Manager (hereinafter "SLAUGHTER"), stating that based on their investigation, they did not find any discrimination by JONES-BARDLETTE.

35. At that point, Plaintiff knew their stalled internal investigation was rigged.

36. Plaintiff believes that he has been discriminated against due to his age (60), race (white), national origin (German), disability, and in retaliation for engaging in protected activity,

in violation of the Age Discrimination in Employment act of 1967, as amended, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1990, as amended as well as the Hawaii Whistleblower's Protection Act.

## STATEMENT OF CLAIMS

### COUNT I - AGE

37. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

38. The Age Discrimination in Employment Act of 1967 (ADEA) prohibits discrimination and termination due to age and based on retaliation for complaining of the discrimination.

39. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendant and its employees in direct violation of the Age Discrimination in Employment Act of 1967 (ADEA).

40. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

41. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

42. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and

his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

## COUNT II – RACE

43. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

44. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination and termination due to race and based on retaliation for complaining of the discrimination.

45. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendant and its employees in direct violation of Title of the Civil Rights Act of 1964, as amended.

46. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

47. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

48. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish,

outrage, depression, severe anxiety about his future and her ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

## COUNT III - NATIONAL ORIGIN DISCRIMINATION

49. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

50. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination and termination due to national origin and based on retaliation for complaining of the discrimination.

51. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendant and its employees in direct violation of Title of the Civil Rights Act of 1964, as amended.

52. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

53. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

54. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

## COUNT IV - DISABILITY DISCRIMINATION

55. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

56. The Americans With Disabilities Act of 1990 prohibits discrimination due to a disability, and to provide a reasonable accommodation to a person with a disability.

57. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990.

58. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

59. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment

practices, and great humiliation, which is manifest in emotional distress.

60. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

## COUNT V - RETALIATION

61. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

62. The actions of Defendant's agents and employees in terminating Plaintiff or otherwise discriminating against him because he opposed the discrimination alleged herein were in violation of law, for which Plaintiff is entitled to an award of damages to be proven at trial.

63. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

## COUNT VI

## WHISTLEBLOWER'S PROTECTION ACT

64. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

65. The discrimination and termination alleged was in violation of H.R.S. § 378-62 due to Plaintiff's report of a violation of law for which Plaintiff is entitled to an award of damages to be proven at trial.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A. For reinstatement to employment with Defendant UNITED with full benefits; and

B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, __2/22/2019__, 2019.

_____
KAINOA K. KRETZ
Plaintiff Pro Se

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| KAINOA K. KRETZ, ) | CIVIL NO. 19-1-0290-02 |
| ) | |
| Plaintiff, ) | SUMMONS |
| ) | |
| vs. ) | |
| ) | |
| UNITED AIRLINES, INC., JOHN ) | |
| DOES 1-5, JANE DOES 1-5, DOE ) | |
| CORPORATIONS 1-5, DOE LLCS ) | |
| 1-5, DOE PARTNERSHIPS 1-5, ) | |
| DOE NON-PROFIT ORGANIZATIONS ) | |
| 1-5, and DOE GOVERNMENTAL ) | |
| AGENCIES 1-5, ) | |
| ) | |
| Defendants. ) | |

### SUMMONS

TO THE DEFENDANTS:

You are hereby summoned and required to file with the Court and to serve upon Plaintiff, whose address is stated above, an answer to the complaint which is attached. This action must be taken within twenty (20) days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty (20) day time limit, judgment by default will be taken against you for the relief demanded in the complaint.

THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE PUBLIC, UNLESS A JUDGE OF THE DISTRICT OR CIRCUIT COURTS PERMITS, IN WRITING ON THE SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.
FAILURE TO OBEY THE SUMMONS MAY RESULT IN AN ENTRY OF A DEFAULT AND DEFAULT JUDGMENT AGAINST THE PERSON SUMMONED.

DATED: Honolulu, Hawaii, FEB 22 2019

N. ANAYA   [SEAL]
CLERK OF THE COURT