IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KAINOA K. KRETZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., *et al.*,<br><br>Defendants. | Case No. 19-cv-00506-DKW-RT<br><br>**ORDER GRANTING DEFENDANT UNITED AIRLINES' MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Defendant United Airlines, Inc. moves on various grounds for summary judgment with respect to all of the employment-related claims asserted by Plaintiff Kainoa Kretz. In opposition, Kretz argues that he performed his job satisfactorily, he can (but fails to) identify a similarly situated individual that was treated more favorably, there were no legitimate reasons for his termination, and the person who hired him "took sides" with his supervisor. Although Kretz is proceeding pro se, and, therefore, his arguments are construed liberally, he fails to provide any evidence for principal elements of his discrimination claims, such as having engaged in protected activity or identifying and evaluating a similarly situated individual who he claims United treated more favorably. In addition, the evidence shows that Kretz failed to exhaust his claim of disability discrimination. As a

result, because Defendant has met its summary judgment burden, and Kretz has failed to present evidence to support at least one element of each of his claims, the motion for summary judgment is GRANTED, as explained in more detail below.

## RELEVANT PROCEDURAL BACKGROUND

On September 19, 2019, Defendant removed this action from State court. Dkt. No. 1. In his Complaint, Kretz raised six claims related to his employment with United: (1) age discrimination, (2) race discrimination, (3) national origin discrimination, (4) disability discrimination, (5) retaliation, and (6) whistleblower protection under state law (Hawaiʻi Whistleblower Protection Act or HWPA).

On June 10, 2020, Defendant moved for summary judgment on all of Kretz's claims. Dkt. No. 33. At the same time, Defendant filed a concise statement of material facts and exhibits in connection therewith. Dkt. No. 34. On June 24, 2020, Plaintiff filed two separate but largely identical oppositions to the instant motion. Dkt. Nos. 36, 38.[1] At the same time, Kretz filed a concise statement of facts and exhibits in connection therewith. Dkt. No. 37. Defendant

---

[1] The legal arguments made in each opposition are identical. *Compare* Dkt. No. 36 at 2-4, *with* Dkt. No. 38 at 4-6. The only difference between the oppositions is that, in the second, Plaintiff also, arguably, "moves…for summary judgment not in favor of Defendant on all counts." Dkt. No. 38 at 2. To the extent, in the second opposition, Kretz is *moving* for summary judgment, for the same reasons discussed below as to why Defendant is entitled to summary judgment, Plaintiff's request for the same relief is DENIED.

has filed a reply in support of its motion for summary judgment, Dkt. No. 39, and a concise statement of facts in support of the same, Dkt. No. 40.   This Order now follows.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   In particular, the movant's "initial responsibility" is to inform the district court of the basis for its motion and to identify those parts of the record "which it believes demonstrate the absence of a genuine issue of material fact."   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   The moving party is then entitled to judgment as a matter of law if the non-moving party fails to make a sufficient showing on an essential element of a claim in the case on which the non-moving party has the burden of proof.   *Id*.   In assessing a motion for summary judgment, all facts are construed in the light most favorable to the non-moving party.   *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005).

## **DISCUSSION**

The Court addresses each of Kretz's claims in turn.

### 1.     **Claim One: Age Discrimination**

The Age Discrimination in Employment Act (ADEA) prohibits an employer from discharging an individual or otherwise discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment because of the individual's age. 29 U.S.C. § 623(a)(1). To establish a prima facie case of discriminatory discharge under the ADEA, Kretz must show that (1) he was at least 40 years of age, (2) he was adequately performing his job, (3) he was discharged, and (4) he was replaced by a substantially younger employee with equal or inferior qualifications. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).[2]

United argues that this claim fails because Kretz did not perform his job satisfactorily, there is no similarly situated employee, and it had legitimate reasons for terminating Kretz. Dkt. No. 33-1 at 19-20. Kretz's opposition indicates the most glaring deficiency with this claim. Notably, although Kretz asserts that "he

---

[2]*Diaz* also states that, in cases involving a reduction in force, the fourth element can be established by "circumstances otherwise giving rise to an inference of age discrimination." *Diaz*, 521 F.3d at 1207 & n.2. Here, Kretz does not allege (and has not argued) that his termination resulted from a reduction in force.

can identify a similar[ly] situated individual who [was] treated more favorably[,]" at no point therein, or in his concise statement of facts, does he do so. *See generally* Dkt. Nos. 36-38. While the Court may liberally construe Kretz's pro se arguments, the Court need not "search for evidence that would create a factual dispute" or otherwise manufacture evidence out of thin air. *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) (explaining that, because the pro se plaintiff failed to present any evidence in opposition to a motion for summary judgment, she had "failed to demonstrate that there [were] any genuine issues of material facts in dispute."). As such, Kretz has provided no evidence that he was replaced by a substantially younger employee or an employee with equal or inferior qualifications.[3] Therefore, Defendant is entitled to summary judgment with respect to this claim.

### 2. Claims Two and Three: Race and National Origin Discrimination

Title VII of the Civil Rights Act of 1964 (Title VII) prohibits discharging any individual on the bases of race, color, religion, sex, or national origin. 42

---

[3]In its motion, Defendant suggests that "Ms. Oshima-Jennings" may be a "proffered comparator[.]" Dkt. No. 33-1 at 19. To the extent that is true, *Kretz* does not identify Ms. Oshima-Jennings as the comparator on which he relies. Moreover, no *evidence* has been provided that Ms. Oshima-Jennings is substantially younger than Kretz–the record reflects that she was 53 at the time while Kretz was 60–or that she had equal or inferior qualifications. The record also reflects that Kretz's position was "filled by Ms. Isaacs-Acasio[.]" Dkt. No. 34 at ¶ 36. As with Ms. Oshima-Jennings, though, there is no evidence that Ms. Isaacs-Acasio was substantially younger than Kretz or that she had equal or inferior qualifications.

U.S.C. §2000e-2(a)(1).  To set forth a prima facie case of discrimination under Title VII, an employee must allege that (1) he is a member of a protected class, (2) he performed his job adequately, (3) he suffered an adverse employment action, and (4) he was treated differently than a similarly situated employee who was not a member of his protected class.  *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).

United argues that Kretz cannot establish a prima facie case of discrimination under Title VII because he was not performing his job satisfactorily and he cannot show that a similarly situated individual was treated differently. Dkt. No. 33-1 at 14-15.  As with Kretz's age discrimination claim, his failure to identify any similarly situated individual, as well as provide any evidence of how they might be considered "similarly situated," dooms these claims.  *See Cornwell*, 439 F.3d at 1028.[4]  Therefore, Defendant is entitled to summary judgment with respect to these claims.

---

[4] Again, in its motion, Defendant suggests that Kretz believes Ms. Oshima-Jennings to be a similarly situated employee.  Dkt. No. 33-1 at 15.  Plaintiff, as before, does not make this assertion himself.  In any event, even if he had, he would still need to present evidence showing how she was similarly situated to him.  He has failed to do so.

### 3. <u>**Claim Four: Disability Discrimination**</u>

To allege a prima facie case of discrimination under the Americans with Disabilities Act (ADA), a plaintiff must allege that (1) he is disabled within the meaning of the statute, (2) he is a "qualified individual" under the statute, and (3) he was discriminated against because of his disability. *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999). The ADA defines "disability" as, *inter alia*, "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1)(A). In addition, the ADA requires that a plaintiff exhaust administrative remedies prior to filing a civil action. 42 U.S.C. § 12117(a) (cross-referencing 42 U.S.C. § 2000e-5). One aspect of administrative exhaustion is that "[s]ubject matter jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (quotation and emphasis omitted).

United argues that Kretz has failed to administratively exhaust his claim under the ADA and, alternatively, he cannot establish a prima facie case of discrimination because he did not suffer from a disability and he was not able to perform the essential functions of his position. Dkt. No. 33-1 at 20-21. In his

opposition, Kretz does not contend that he has exhausted his administrative remedies with respect to this claim. In fact, in his concise statement of facts, he does not dispute Defendant's statement that his Charge of Discrimination "did not include disability as a basis." *See* Dkt. No. 37 at ¶ 34 (referencing Dkt. No. 34 at ¶34). Review of the Charge of Discrimination, Dkt. No. 34-17, reflects as much, given that there is no mention of disability discrimination in the lengthy factual statement contained therein. In this light, therefore, Defendant is entitled to summary judgment with respect to this claim.[5]

### 4.   Claims Five and Six: Retaliation and HWPA

In addition to discrimination based upon race or national origin, Title VII also prohibits retaliation against an employee who has engaged in an activity protected by the statute. 42 U.S.C. § 2000e-3(a). A prima facie case of retaliation under Title VII requires (1) engaging in a protected activity, (2) an employee being subject to an adverse employment action, and (3) a causal link between the protected activity and the adverse action. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). The elements of a prima facie case under the

---

[5] The Court notes that, in his opposition, Kretz does not address his disability discrimination claim *at all*. Therefore, he has also failed to provide any evidence to refute Defendant's assertion that he has not established a prima facie case of discrimination under the ADA. Instead, in his concise statement of facts, he acknowledges that he is not disabled. *See* Dkt. No. 37 at ¶ 31 (referencing Dkt. No. 34 at ¶ 31).

HWPA are substantially the same. *See Henao v. Hilton Grand Vacations Inc.*, 772 F. App'x 510, 511 (Mem) (9th Cir. June 17, 2019) (citing *Crosby v. State Dep't of Budget & Fin.*, 876 P.2d 1300, 1310 (Haw. 1994)).

United argues that Kretz has failed to show that he engaged in a protected activity, Kretz did not make a claim of discrimination until after he was terminated, and "he does not know the basis for his HWPA claim." Dkt. No. 33-1 at 22-24. Once again, the complete lack of a response from Kretz on the foregoing arguments dooms these claims. Notably, Kretz makes no argument (let alone presents any evidence) showing that he engaged in a protected activity prior to his termination. Because it was his burden to do so, his retaliation and HWPA claims cannot proceed, and Defendant is entitled to summary judgment with respect to the same. *See Manzo v. Laborers Int'l Union of N. Am.*, 348 F. App'x 267, 268-269 (9th Cir. Oct. 9, 2009) (affirming summary judgment on a claim of retaliation where the plaintiff failed to establish that she engaged in a protected activity prior to her termination).

//

//

## **CONCLUSION**

For the reasons set forth herein, the motion for summary judgment, Dkt. No. 33, is GRANTED.[6]

The Clerk is instructed to enter Judgment in favor of Defendant United Airlines, Inc., and then close this case.[7]

IT IS SO ORDERED.

DATED: July 8, 2020 at Honolulu, Hawaiʻi.

_____
Derrick K. Watson
United States District Judge

---

*Kainoa K. Kretz vs. United Airlines, Inc., et al*; Civil No. 19-00506-DKW-RT;
**ORDER GRANTING DEFENDANT UNITED AIRLINES' MOTION FOR SUMMARY JUDGMENT**

---

[6] Because the motion for summary judgment is granted for the reasons set forth herein, it is unnecessary for the Court to address other arguments raised in the parties' briefing, such as whether Kretz performed his job adequately while employed by Defendant or whether the evidence submitted by Kretz with respect to his job performance is admissible.

[7] United is the only named defendant, and the only one served. All other defendants are accompanied by the DOE moniker. *See* Dkt. No. 1-2 at 1; Dkt. No. 7-5.